

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-6880
Re: Status of portion of
"wet area" annexed to
dry city by city or-
dinance.

You have requested an opinion of this depart-
ment as to the local option status of a cafe location
in Harris County, Texas. In 1937 the cafe was the
holder of a beer license in a "wet area" adjacent to
but not within the corporate limits of the city of
Pasadena. On June 1, 1937, the city of Pasadena voted
to prohibit the sale of all intoxicants and subsequently,
by city ordinance the city annexed certain outlying terri-
tory which included the cafe in question. You wish to
know whether the territory which was formerly "wet" (in-
cluding the cafe under consideration) has become "dry" by
reason of its annexation by ordinance to a dry city. It
is understood that no local option election has been held
since annexation which purported to affect the status of
the cafe site.

Sec. 20, Art. 16 of our Constitution, adopted
in 1935, provides that, "The legislature shall enact a
law or laws whereby the qualified voters of any county,
justice's precinct or incorporated town or city, may by
a majority vote of those voting determine from time to
time whether the sale of intoxicating liquors for beverage
purposes shall be prohibited or legalized within the pre-
scribed limits, and such laws shall contain provisions
for voting on the sale of intoxicating liquors of various
types and various alcoholic content."

Pursuant to this mandate the legislature enacted
in great detail the procedure for calling and holding local
option elections and for determination by majority vote of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Bert Ford - page 2

the inhabitants of each political subdivision, the question of what alcoholic beverages, if any should be sold or prohibited within that area. See Art. 666 - 32 et seq., V.A.P.C. No provision is made in our law for a change in the local option status of a "wet area" merely through its annexation to a "dry area" by ordinance. To permit it would not only pervert the whole scheme and purpose of our local option laws but would in addition recognize a procedure wholly unauthorized by our laws on that subject. In the case of Houchins vs. Plainos, (Sup.) 110 S. W. (2d) 549, our Supreme Court in holding that the "dry" city of Houston Heights did not become "wet" by reason of its annexation to the "wet" city of Houston where no local option election had been held in Houston Heights on that issue, had this to say:

"In this regard, it is settled as the law of this state that where a power is expressly given by the Constitution, and the means by which, or the manner in which it is to be exercised, is prescribed, such means or manner is exclusive of all others."

We therefore conclude that under the stated facts the cafe site or the "wet" territory of which it was a part, did not become "dry" by reason of its annexation by ordinance to the city of Pasadena. Insofar as Opinion No. O-1549 of this department, dated October 28, 1939, and addressed to you, is in conflict herewith, the same is hereby overruled.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 13 1945

*Groon Sellers*

ATTORNEY GENERAL OF TEXAS

BY *Eugene Alvis*

Eugene Alvis
Assistant

EA:zd


APPROVED
OPINION
COMMITTEE
BY *Bwl*
CHAIRMAN